**FIFTH DIVISION**
**MCFADDEN, P. J.,**
**BROWN and MARKLE, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**December 12, 2023**

# In the Court of Appeals of Georgia

A23A1775. IN THE INTEREST OF R. E. Z. B., a child.

BROWN, Judge.

This appeal concerns R. E. Z. B., an El Salvadoran child who entered the United States in 2021, unaccompanied by his parents or guardians, when he was twelve years old. He was eventually released into the care of his maternal uncle, Mario Morales, who lives in Cobb County. Following a hearing in a dependency case initiated by Morales, the juvenile court found R. E. Z. B. to be dependent, and Morales was awarded temporary custody of the child. In his unopposed appeal, Morales contends that the juvenile court erred by failing to make specific findings relevant to R. E. Z. B.'s special immigrant juvenile status, and asks that the case be remanded for the juvenile court to enter an order that includes such findings. For the

reasons that follow, we affirm the juvenile court's finding of dependency but remand the case to the juvenile court to make specific written findings pertaining to all five of the immigration factors at issue in light of the evidence and relevant law.

The record shows that on February 22, 2023, Morales petitioned the Juvenile Court of Cobb County for a finding of dependency under OCGA § 15-11-2 (22), alleging, inter alia, that R. E. Z. B.'s biological parents reside in El Salvador and were unable to provide for him; that R. E. Z. B. had been a target of violent gang recruitment and harassment in his hometown and had escaped to the United States; and that R. E. Z. B. had been living with Morales and his family for nearly two years and attending school. In his brief to the juvenile court, Morales requested that the court make additional findings which would enable R. E. Z. B. to petition the United States Citizenship and Immigration Services for Special Immigrant Juvenile ("SIJ") status and, if approved for SIJ status, for lawful permanent residence status. Morales presented evidence showing that the federal government had attempted reunification, but R. E. Z. B.'s parents refused. Morales also submitted various reports and studies discussing gang violence in El Salvador, especially pertaining to minors.

Following a hearing in March 2023, during which Morales testified, counsel for Morales submitted a proposed order to the juvenile court. The juvenile court adopted Morales' order with "alterations." The juvenile court found R. E. Z. B. dependent and awarded temporary custody to Morales. As requested, the juvenile court found that "reunification with one or both of the immigrant's parents is not viable due to abuse, neglect, abandonment, or a similar basis found under State law." However, the juvenile court declined to make a finding with regard to whether "it would not be in the child's best interest to be returned to the child's or parents' previous country of nationality or country of last habitual residence." The court concluded that it "lack[ed] jurisdictional authority to decide whether a child may physically locate in a particular geographical area." We agree with Morales that the juvenile court erred in this regard.

As this Court recognized in *In the Interest of J. J. X. C.*, 318 Ga. App. 420 (734 SE2d 120) (2012):

> Federal law provides a path to lawful permanent residency in the United States to resident alien children who qualify for "special immigrant juvenile" (SIJ) status. 8 USC § 1101 (a) (27) (J); 8 CFR § 204.11. Congress created SIJ classification to protect abused, neglected, and

abandoned immigrant youth through a process allowing them to become legal permanent residents.

(Citations and punctuation omitted.) Id. at 424. To apply for SIJ status, an immigrant child must first obtain special findings from a state "juvenile court." See 8 CFR § 204.11 (defining "juvenile court" as "a court located in the United States [having] jurisdiction under State law to make judicial determinations about the . . . custody and care of juveniles"). We explained these special findings as follows:

> [T]he resident alien must be under age 21 and unmarried. 8 C.F.R. § 204.11 (c). The child must have been declared dependent upon a state juvenile court. 8 U.S.C. § 1101 (a) (27) (J). And the juvenile court must have made two additional findings: (1) that "reunification with 1 or both of the immigrant's parents is not viable due to abuse, neglect, abandonment, or a similar basis found under State law"; and (2) that "it would not be in the alien's best interest to be returned to the alien's or parent's previous country of nationality or country of last habitual residence." [Id. at (i), (ii).] See also 8 C.F.R. § 204.11.

*In the Interest of J. J. X. C.*, 318 Ga. App. at 424. In this regard, "[t]he SIJ statute affirms the institutional competence of state courts as the appropriate forum for child welfare determinations regarding abuse, neglect, or abandonment, and a child's best interests." Id. at 425. "By making these preliminary factual findings, the juvenile

court is not rendering an immigration determination." *H. S. P. v. J. K.*, 121 A3d 849, 858 (III) (N. J. 2015). That decision "rests squarely with the federal government." Id. at 858 (IV). Accord *In the Interest of J. J. X. C.*, 318 Ga. App. at 424-425 ("Although the juvenile court determines whether the evidence supports the findings, the final decision regarding SIJ status rests with the federal government, and, as shown, the child must apply to that authority.").

Here, although Morales specifically requested findings as to the SIJ factors in the dependency petition and again at the dependency hearing, the juvenile court failed to make all of the requested findings. "Although the court was authorized to conclude that [Morales] failed to present evidence to support the SIJ factors or that their evidence was not credible, the court had a duty to consider the SIJ factors and make findings."[1] *In the Interest of J. J. X. C.*, 318 Ga. App. at 426.

---

[1] The juvenile court apparently relied on *In the Interest of M. J. H.*, 366 Ga. App. 872 (884 SE2d 559) (2023), in which a panel of this Court stated in a footnote that "[t]his opinion should not be read to express any view on whether [the child] is entitled to the SIJ findings." Id. at 876, n.3. This footnote is dicta and does not alter this Court's precedent that the juvenile court has a duty to consider the SIJ factors and to make findings regarding those factors. *In the Interest of J. J. X. C.*, 318 Ga. App. at 426. Indeed, this Court has reaffirmed the juvenile court's duty to do so in a subsequent, unpublished opinion. *In the Interest of J. C.*, 344 Ga. App. XXVII (Case No. A17A1496, unpublished) (Feb. 22, 2018).

Accordingly, we affirm the juvenile court's finding of dependency, which a rational trier of fact could have found by clear and convincing evidence. We remand the case to the juvenile court with instruction to make all findings pursuant to 8 USC § 1101 (a) (27) (J) (i), (ii).

*Judgment affirmed in part and case remanded with direction. McFadden, P. J., and Markle, J., concur.*